IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTINA HENDERSON**                                            **PLAINTIFF**

vs.                              Case No. 5:21-cv-05027-TLB

**WALMART INC.**                                                    **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Christina Henderson ("Plaintiff"), by and through her attorneys Chris Burks and Brandon Haubert of WH LAW PLLC, and for her Original Complaint against Walmart Inc. ("Defendant"), she hereby states and alleges as follows:

### I.     JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to Americans with Disabilities Act of 1990 ("ADA"), for declaratory judgment, compensatory damages, and costs, including a reasonable attorney's fee as a result of her termination in violation of the Americans with Disabilities Act of 1990, as amended (hereinafter "ADA").

2. Plaintiff also brings this action under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("ACRA") ("Arkansas Civil Rights Act" or "ACRA") for discrimination on the basis of disability.

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the ADA.

4. This Complaint also alleges violations of the Arkansas Civil Rights Act which form part of the same case or controversy and arise out of a common nucleus of operative facts as the ADA claims alleged in this Complaint.

5. Therefore, this Court has supplemental jurisdiction over Plaintiff's ACRA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein where committed, and had their principal effect, within the Western District of Arkansas, Fayetteville Division, and therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

6. Plaintiff Christina Henderson is a citizen of the United States and a resident of and domiciled in the State of Arkansas. At all times relevant to the allegations in this Complaint, Plaintiff was employed by Defendant in Print Solutions.

7. Defendant is an employer within the meanings set forth and applicable to federal and state laws, and was, at all times relevant to allegations in this Complaint, Plaintiff's employer.

8. At all times material herein, Plaintiff was entitled to the rights, protections and benefits provided under the ADA and the ACRA.

9. Defendant is a multi-national retail company, that has employees engaged in print solutions services in a location in Bentonville, Arkansas.

10. Defendant is an "employer" within the meanings set forth in the ADA and the Arkansas Civil Rights Act, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

11. Defendants' statutory home office address is 702 SW 8th St., Bentonville, AR 72716.

12. At all times relevant to this action, Defendant was Plaintiff's employer as defined by the ADA, and the Arkansas Civil Rights Act of 1993, A.C.A. § 16-123-101, *et seq*.

13. At all times relevant to this action, Defendants were an employer subject to the anti-discrimination provisions of the ADA and the ACRA.

### III.   FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Plaintiff was hired by Defendants to work as a Material Handler/Silkscreen Burner on or about November 27, 2015.

16. In 2018, Plaintiff was diagnosed with a disability, Dupuytren's disease, and informed Defendant's management of such. Plaintiff could still do her existing job with a reasonable accommodation, that she requested and was granted. Plaintiff was given gloves to wear.

17. However, even with a reasonable accommodation, starting in September of 2019, Plaintiff was subjected to verbal abuse because of her disability.

17. In October of 2019, Plaintiff applied for a Rewinder position to escape the verbal abuse, but Plaintiff was denied the new position even though she could do it with a reasonable accommodation.

18. Plaintiff continued to be subjected to verbal abuse because of her disability, and informed management of complications with her disabilities in December of 2019, including epilepsy and PTSD. Plaintiff could still do her existing job with the disability complications with a reasonable accommodation such as a chair. Plaintiff was initially given a chair, but it was taken away.

19. After being told of Plaintiffs new disability complications, Plaintiff was terminated by Defendants in January of 2020.

20. There were other Material Handlers with equal or less tenure than Plaintiff who were not discharged when they had qualifying medical conditions that slowed down their work or caused fluctuations in their performance form month-to-month.

21. Defendant's failure of accommodation and discharge disparately impacted Plaintiff, as well as Material Handlers with qualifying medical and disability conditions.

22. Plaintiff's employment was ended as a direct result of discrimination on the basis of Plaintiff's disability status and Defendants' intentional and willful disparate treatment of its disabled employees in the workplace.

23. Defendants offered no meaningful reasonable accommodations to Plaintiff in December of 2019 and January of 2020, in direct violation of the ADA, up to and including, the ability to do her existing job with a reasonable accommodation as she previously had.

## IV. FIRST CAUSE OF ACTION
### (Violations of the ACRA Anti-Discrimination Provisions)

24. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

25. Plaintiff brings this action against Defendant under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq.* ("Arkansas Civil Rights Act" or "ACRA").

26. Defendants intentionally discriminated against Plaintiff on the basis of her "sensory, mental, or physical disability" in violation of A.C.A. § 16-123-107.

27. Claims brought under the ARCA are governed by the same standards as Title VII claims. *Clegg v. Ark. Dep't. of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007).

28. As more fully described hereinabove, Defendant, through their agents and employees, including Plaintiff's supervisor(s), discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment due to Plaintiff's disability status. Plaintiff was denied the right to obtain and hold employment without discrimination.

29. As a result of Defendant's violations of the ACRA, Plaintiff seeks injunctive relief, front pay, back pay, attorney's fees and costs, compensatory damages for any past or future out-of-pocket losses and any emotional harm, and punitive damages.

## V. SECOND CAUSE OF ACTION
### (Violations of the ADA Anti-Discrimination Provisions)

30. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

31. Plaintiff filed a charge with the Equal Employment Opportunities Commission alleging violations of Title I of the ADA by Defendants.

32. Plaintiff received a Notice of Rights Letter. All conditions precedent to the institution of this lawsuit have been fulfilled.

33. Defendants engaged in unlawful employment practices at their facility in Bentonville, Arkansas, in violation of Sections 102(a) of the ADA, 42 U.S.C. § 12112(a).

34. Specifically, Defendants discharged Plaintiff from her employment with Defendants because of her disability.

35. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA, and could perform the essential functions of the position from which she was removed, had Plaintiff been provided work completion goals as medically necessitated or had other reasonable accommodations been provided.

36. Despite her ability to perform the essential function of her job, with reasonable accommodations, Plaintiff was terminated.

37. Plaintiff suffered from Dupuytren's disease and epilepsy, both of which is a qualified disability as defined by the Americans with Disabilities Act of 1990 (the "ADA") and was substantially limited in performing one or more major life activities, including but not limited to distractibility, difficulty concentrating, and difficulty processing information quickly and accurately.

38. At all times herein, Defendants failed to offer or provide any reasonable accommodation to Plaintiff prior to termination in 2019 and 2020, including, but not limited to, allowing her to use existing material handler equipment such as a chair as is

mandatory under ADA § 42 USCA § 12111, which states that a "reasonable accommodation" includes "making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and….acquisition or modification of equipment or devices, appropriate adjustment or modifications of equipment, or other similar accommodations for individuals with disabilities." *Id*.

39. The effect of the practices complained of above, has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as employee because of her disability.

40. The unlawful employment practices complained of above were and are intentional.

41. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

42. Pursuant to the Americans with Disabilities Act of 1990, Plaintiff is entitled to, and she seeks, an additional amount as liquidated damages equal to the sum of her lost wages or salary, benefits and/or other compensation denied or loss to her by reason of Defendants' violations of the ADA, plus any interest she is entitled to for these causes, because Defendants' violations were not in good faith and Defendants had no reasonable grounds for believing that its actions were not in violation of the ADA.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christina Henderson respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

  B. For an order of this Honorable Court entering judgment in her favor against Defendant, for her actual economic damages in an amount to be determined at trial, and compensation for wages lost;

  C. For punitive damages;

  D. For her attorney's fees, costs, pre-judgment interest; and

  E. For such other and further relief as this Court deems necessary, just and proper.

        Respectfully submitted,

        **CHRISTINA HENDERSON, PLAINTIFF**

        WH LAW, PLLC
        1 Riverfront Pl. – Suite 745
        North Little Rock, AR 72114
        (501) 891–6000

  By: */s/ Chris W. Burks*
     Chris W. Burks (ABN: 2010207)
     chris@whlawoffices.com

     Brandon M. Haubert (ABN: 2013137)
     brandon@whlawoffices.com